

Lawrence S. Lustberg
Director

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Direct: 973-596-4731 Fax: 973-639-6285
llustberg@gibbonslaw.com

December 31, 2020

**VIA ECF**

Honorable Kevin McNulty
United States District Judge
Lautenberg U.S. Post Office & Courthouse
Federal Square
Newark, New Jersey 07102

      Re:  *United States v. Coburn & Schwartz*,
           Criminal No. 19-120

Dear Judge McNulty:

      This firm represents defendant Steven Schwartz in the above-captioned matter. We have consulted with counsel for defendant Gordon Coburn, who joins in this letter.  We write in advance of the status conference, currently scheduled for January 6, 2021, to provide our understanding of the issues currently before the Court and to preview certain additional issues that we hope to raise at the conference. It is our hope that this will assist the Court with regard to that conference.

      **A.**    **Trial Date**

      During the last status conference on August 6, 2020, the Court set a trial control date of May 3, 2021 and noted that this date was subject to change based on the outstanding issues in the case and complications due to the ongoing global pandemic.  Dkt. No. 94 (Tr. of August 6, 2020 Hearing at 10) ("[E]ven if we set a trial date there will be quotations around the word 'trial.'").

      As described below, there are numerous important and complex issues that need or may need to be litigated in advance of trial as the parties continue the process of preparation.  And, of course, the uncertainty the Court observed with respect to COVID-19 has not dissipated; indeed, we note that the District of New Jersey has extended its orders providing, for example, for the suspension of in-person proceedings and the continuance of jury trials. *See, e.g.,* Standing Orders 20-12, 20-17.  In addition to uncertainty regarding when the parties can be present in a courtroom, this case also requires significant investigation in India and elsewhere,

GIBBONS P.C.

December 31, 2020
Page 2

which cannot be safely carried out amid a global pandemic. Accordingly, in light of the outstanding issues and the ongoing pandemic, we request that the Court set a new trial control date that accounts for the posture of the case.

### B. Schedule for Court-Ordered Evidentiary Hearing

On September 14, 2020, the Court ordered "an evidentiary hearing to determine the extent of the investigative cooperation between the prosecution and the SEC" and whether DOJ should be "deemed to be in constructive possession of SEC materials arising from the particular components of the investigation that were conducted jointly." Dkt. No. 96 at 5, 9. The Court further ordered DOJ and defense counsel to meet and confer on various issues related to the motion and hearing. *Id*. at 27.

As noted in the Government's December 14, 2020 letter, the parties' meet and confer sessions did not produce an agreement. The parties have submitted separate letters outlining their respective positions on the hearing itself and the documents that the Defendants have sought in advance of that hearing, and the issue is fully briefed.

### C. Rule 17 Requests to Cognizant and L&T

In February 2020, Defendants each filed applications for the issuance of subpoenas *duces tecum* pursuant to Federal Rule of Criminal Procedure 17(c). Defendants both sought documents from Cognizant Technology Solutions Corporation ("Cognizant") and Larsen & Toubro, Ltd. ("L&T") relevant to Defendants' motions concerning the government's "outsourcing" of portions of its investigation to the companies. Mr. Schwartz's application also included requests for documents relevant to the merits of the case. Although the subpoenas were directed to third parties and not the Government, the Government opposed the Defendants' requests.

The Court granted the Defendants' motions to issue revised subpoenas to Cognizant and L&T pursuant to Rule 17(c) regarding the outsourcing issue and reserved judgment on the merits subpoena request. *See* Dkt. No. 108. The Clerk of Court issued those subpoenas on October 16, 2020.

GIBBONS P.C.

December 31, 2020
Page 3

### 1.     Rule 17 Requests to Cognizant

Since the Clerk issued the subpoena to Cognizant, counsel for Cognizant and the Defendants have had a number of discussions aimed at resolving disputes about the proper scope of the subpoena and the steps that should be taken to search for and produce responsive documents. To date, Cognizant has requested and received three extensions and has yet to produce any documents. On December 22, 2020, Cognizant's counsel made a proposal to the Court with respect to the set of documents to be produced, including a timeline to complete its rolling production of documents. *See* Dkt. No. 129.

Based on discussions with Cognizant's counsel, we believe it likely that the Court will have to resolve a number of issues regarding the subpoena response. Specifically, Defendants and Cognizant have not yet come to an agreement on appropriate document custodians, date ranges or search terms. Moreover, the parties disagree on substantive limitations that Cognizant is seeking to impose on the scope of its search for documents relevant to its potential coordination with the Government. Nevertheless, in the spirit of working to resolve these differences without judicial intervention, Defendants have accepted Cognizant's counsel's representations regarding the time required to complete its rolling production, Cognizant and Defendants have agreed that Cognizant will make its initial production according to its proposal, and Defendants will review Cognizant's initial production and determine what issues, if any, will require resolution by Your Honor. On December 23, the Government wrote directly to the Court to express its concern about the pace of Cognizant's proposed document production, despite not having attempted to resolve—or even having raised—this concern with Cognizant and the Defendants; nor has it sought to confer with counsel since filing its letter, Docket No. 130.

### 2.     Rule 17 Requests to L&T

Defendants sought to serve the Court-ordered subpoenas on L&T, but L&T, through counsel, has refused to accept service of them. Specifically, L&T rejected Mr. Coburn's attempt to serve a New Jersey-based subsidiary, Larsen & Toubro

GIBBONS P.C.

December 31, 2020
Page 4

Infotech, in Edison, New Jersey,[1] and refused to authorize its counsel during the Government's investigation, Debevoise & Plimpton LLP, to accept service on its behalf. As a general matter, and notwithstanding its extensive documented cooperation with the Government at prior stages in the investigation, L&T appears to be taking the position that, as an Indian company, it is not subject to the jurisdiction of the Court in this case.

L&T is of course central to this case. The Government alleges that L&T facilitated and transmitted the alleged bribe that forms the basis for the charges filed in the Indictment. Specifically, the Government alleges that in the course of completing work on a Cognizant India office building, L&T retained a consultant who paid a bribe to a government official in India to obtain a necessary permit. The Government further alleges that two Cognizant India employees agreed to reimburse L&T for the cost of the bribe and that the Defendants here (Messrs. Coburn and Schwartz) authorized those payments. As Your Honor may recall from the argument on the Defendants' motions for a bill of particulars, the Government has acknowledged that it does not know who paid the alleged bribe, what government official received the alleged bribe, the amount of the alleged bribe, or whether the alleged bribe was in fact paid.

Significantly for the defense, L&T has publicly and repeatedly denied any knowledge of or involvement in the alleged bribery scheme, including in several required filings with the Indian equivalent of the SEC. L&T maintained this position throughout its extensive cooperation with the DOJ and SEC investigations, which included at least nine voluntary document productions, facilitating interviews with L&T employees, multiple presentations to the Government, and an unknown number of meetings and calls between counsel for L&T and the Government.

On December 15, 2020, in the face of L&T's expressed unwillingness to accept service of or otherwise comply with Defendants' subpoenas—which stands in stark contrast with its willingness to voluntarily provide documents, make presentations, and facilitate interviews upon the Government's request—Defendants wrote to the Government to request its assistance in obtaining from L&T documents which were the subject of the Court's ruling. *See* Ex. A. Alternatively, Defendants

---

[1] Notably, when, on October 5, 2016, the Government sent a Formal Request for the Preservation of Records related to its investigation to the same New Jersey-based entity, L&T responded and soon began to cooperate with the Government.

GIBBONS P.C.

December 31, 2020
Page 5

requested that the Government invoke its authority under the Treaty Between the Government of the Republic of India and the Government of the United States of America on Mutual Legal Assistance in Criminal Matters ("MLAT") to seek these materials from L&T in India on behalf of the Defendants. These requests were made in an effort to avoid unnecessary judicial intervention and the corresponding delay that might otherwise result from taking the steps necessary for the Defendants to compel production of such documents. The Government has not yet responded.

Depending on the Government's response to the Defendants' request for assistance, we may seek the Court's assistance to obtain documents from L&T that are critical to the defense.

### D. Other Discovery Issues

In addition to the open items described above, there remain two discovery requests to which the Government has yet to respond. First, on April 30, 2020, Defendants requested that the Government preserve all Government agents' and attorneys' rough notes and written records created in the course of investigating this case, including but not limited to rough notes and written records of meetings or conversations with, or interviews of, current or former employees of Cognizant and/or its attorneys; current or former employees of L&T and/or its attorneys; and any other individuals whom the Government has interviewed or communicated with in this case. The Government has never acknowledged Defendants' request or indicated whether it will comply with it.

Second, on November 23, 2020, Defendants requested a copy of the order issued pursuant to 18 U.S.C. § 2703(d) (the "Order") that is referenced in the Government's letter of November 19, 2020 (ECF No. 121), as well as the Government's application to the Court for the Order. On December 2, 2020, the Government refused Defendants' request that it produce the Order and application on the grounds that Defendants did not have standing to suppress the fruits of the Order, and that, in any event, the Government did not intend to introduce into evidence the documents obtained pursuant to the Order. Defendants responded by letter dated December 15, explaining that these documents—which should not amount to more than a few pages—should be produced under Rule 16 as material to the defense or, alternatively, as Brady material because they bear on the existence or non-existence of the charged conspiracy. *See* Ex. B. Specifically, the records sought through the Order were for the personal emails of a former L&T employee who

GIBBONS P.C.

December 31, 2020
Page 6

interfaced regularly with the Indian government, and evidence of his potential involvement or non-involvement in an alleged bribe is highly relevant to the defense. The Government has yet to respond to Defendants' December 15 letter, or to produce the Order. Should the Government decline to produce these documents, this issue, too, will require resolution by the Court.

        *        *        *        *        *

We hope that this correspondence will assist the Court in conducting next week's status conference. Thank you for your kind consideration of this matter.

Respectfully submitted,

Lawrence S. Lustberg, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, NJ 07102-5310
(973) 596-4500
llustberg@gibbonslaw.com

cc:     All Counsel (by ECF)

# EXHIBIT A

## KRIEGER KIM & LEWIN LLP

500 Fifth Avenue
New York, NY 10110
Telephone: (212) 390-9550
www.KKLllp.com

Nicholas J. Lewin

Direct Dial: (212) 390-9559
nick.lewin@KKLllp.com

December 15, 2020

By Electronic Mail

| | |
|---|---|
| Nicholas Grippo | David Last, Assistant Chief, FCPA Unit |
| Assistant United States Attorney | Sonali Patel, Trial Attorney |
| United States Attorney's Office | Fraud Section, Criminal Division |
|    District of New Jersey | United States Department of Justice |
| 970 Broad Street, 7th Floor | 1400 New York Avenue, NW |
| Newark, New Jersey 07102 | Washington, D.C. 20005 |

> Re: *United States v. Gordon Coburn and Steven Schwartz*
> Crim. No. 19-120 (KM)

Dear Counsel:

  Along with Jones Day, we represent Gordon Coburn in the above-referenced matter. We write, joined by our co-Defendant Steven Schwartz, to request the Government's assistance in obtaining from Larsen & Toubro Construction ("L&T Construction") documents to which the Court has already determined we are entitled. We make this request in an effort to avoid unnecessary judicial intervention and the concomitant delay that might otherwise result from taking the steps necessary for the Defendants to compel production of such documents.

  On October 6, 2020, the Court granted the Defendants' motions to issue subpoenas to L&T Construction pursuant to Federal Rule of Criminal Procedure 17(c). *See* Dkt. No. 108. The Clerk of Court issued the subpoenas on October 16, 2020. Defendants have since made repeated efforts to serve the subpoenas to L&T Construction. However, L&T Construction has refused to accept service of the subpoenas or to produce to the Defendants any of the materials sought therein. Specifically, L&T Construction has refused to authorize its counsel, Debevoise & Plimpton LLP ("Debevoise"), to accept service on its behalf, as indicated by Debevoise via email on October 18, 2020. Moreover, L&T Construction rejected Mr. Coburn's attempt to serve a New Jersey-based related entity, Larsen & Toubro Infotech in Edison, New Jersey.[1] *See* Ex. A (October 20, 2020 T. Botti Aff.). Subsequently, by letter dated October 20, 2020, L&T Construction confirmed its refusal to accept service via either Debevoise or Larsen & Toubro Infotech. *See* Ex. B (October 20, 2020 Debevoise Letter). L&T Construction has flatly denied that it is subject to the jurisdiction of the Court altogether. *See id.*

  Judge McNulty has already held that the Defendants are entitled to subpoena the materials at issue from L&T Construction. *See* Dkt. No. 104. As described in the Defendants' subpoena applications and related pleadings, the materials sought from L&T Construction – as

---

[1] On October 5, 2016, the Government sent a Formal Request for the Preservation of Records related to its investigation to the same New Jersey-based entity. *See* LT00004744.

amended by the Court – are essential to a full and fair adjudication of issues of constitutional import arising from the Government's relationship with the companies in the course of investigating this matter.  *See, e.g.*, Dkt. Nos. 70, 71, 78, 86, 100, 101.

Accordingly, having explored all of our options, we now request the Government's assistance in our efforts to obtain from L&T Construction the materials it has refused to provide. The discovery produced to date demonstrates that L&T Construction – on multiple occasions across many months – voluntarily complied with document requests made by the Government during the investigation of this matter, sharing with the Government on a voluntary basis extensive documents and information.[2]  Yet now, L&T Construction claims to be entirely beyond the reach of the United States legal system.  Accordingly, we ask that the Government request that L&T Construction voluntarily also produce to the defense the materials set forth in the subpoenas, just as the Government sought voluntary productions from L&T Construction in the course of its own investigation.

Alternatively, if L&T Construction is not amenable to such a request for further voluntary cooperation, we ask that the Government invoke its authority under the Treaty Between the Government of the Republic of India and the Government of the United States of America on Mutual Legal Assistance in Criminal Matters ("MLAT") to seek these materials from L&T Construction in India on behalf of the Defendants.  *See* Treaty Between the Government of the Republic of India and the Government of the United States of America on Mutual Legal Assistance in Criminal Matters, Oct. 17, 2001, TIAS 05-1003.

---

[2] Specifically, the discovery demonstrates that L&T Construction – having collected more than 1.2 million documents pursuant to a voluntary internal review, *see* LT00004744–45 – made at least nine voluntary productions of documents and information, in response to multiple Government requests, between June 2017 and April 2018, *see* DOJ-LT-LTR-00000007, DOJ-LT-LTR-00000009, DOJ-LT-LTR-00000012, DOJ-LT-LTR-00000028, DOJ-LT-LTR-00000034, DOJ-LT-LTR-00000039, DOJ-LT-LTR-00000051.  The documents and information voluntarily shared by L&T Construction with the Government included not only voluminous electronic materials but also the results of a forensic accounting review undertaken to identify suspicious transactions, *see* DOJ-LT-LTR-00000012, DOJ-LT-LTR-00000028; charts and other information put together in response to questions from the Government, *see* DOJ-LT-LTR-00000023; and detailed investigation findings, see LT00004753–4851.

December 15, 2020
Page 3 of 3

Please let us know if you have any questions. We look forward to hearing from you.

Very truly yours,
KRIEGER KIM & LEWIN LLP

By: _____
Nicholas J. Lewin
Alexandra S. Messiter

cc: Henry Klehm III, Esq.
Hank B. Walther, Esq.
James P. Loonam, Esq.
Ryan M. DiSantis, Esq.
Sarah D. Efronson, Esq.
Jones Day
250 Vesey Street
New York, New York 10281

Theodore V. Wells, Jr., Esq.
Roberto Finzi, Esq.
Justin D. Lerer, Esq.
Paul Weiss
1285 Avenue of the Americas
New York, New York 10019

Jeremy I. Bohrer, Esq.
Amir Toossi, Esq.
Jonathan Jason, Esq.
Bohrer PLLC
1 Penn Plaza Suite 2520
New York, New York 10119

Lawrence S. Lustberg, Esq.
Daniel B. Weinstein, Esq.
Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102

# EXHIBIT B



LAWRENCE S. LUSTBERG
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4731 Fax: (973) 639-6285
llustberg@gibbonslaw.com

December 15, 2020

**VIA EMAIL**

Nicholas P. Grippo, Assistant U.S. Attorney
United States Attorney's Office
District of New Jersey
970 Broad Street, 7th Floor
Newark, New Jersey 07102

David A. Last
  Assistant Chief, FCPA Unit
Sonali D. Patel
  Trial Attorney
Fraud Section, Criminal Division
U.S. Department of Justice
1400 New York Avenue, N.W.
Bond Building, 11th Floor
Washington, D.C. 20530

> **Re:** *United States v. Gordon J. Coburn, et al.*
> **Criminal No. 19-120 (KM)**

Dear Ms. Patel:

We write, joined by co-defendant Gordon Coburn, in response to your letter dated December 2, 2020, in which you denied our request to produce to us the Government's application pursuant to 18 U.S.C. § 2703(d) and the 2703(d) Order (the "Order") granting the application. In light of your representation that the Government does not intend to offer the Yahoo records at trial, we believe these documents—which should not amount to more than a few pages—should be produced under Rule 16 as material to the defense or, alternatively, as *Brady* material.

Any information that is relevant to the existence or non-existence of the alleged conspiracy is, of course, material and relevant to the defense under Federal Rule of Criminal Procedure 16(a)(1)(E)(i) for many reasons, and may well constitute *Brady* material. Given the descriptions of Mr. Naga's role and position at L&T in the Government's disclosures to date, the Government's reason for seeking the Yahoo records—which would have to have been laid out in the application for the order—is highly relevant, as are any representations the Government made to the issuing judge to the effect that Mr. Naga used or may have used a non-work e-mail account to correspond with Indian government officials in furtherance of the alleged conspiracy.

GIBBONS P.C.

December 15, 2020
Page 2

      Even though you have determined that you do not intend to use at trial any of the evidence derived from the Order, the defense is still entitled to understand if the Government, at some point, believed Mr. Naga was involved in the alleged bribe, and if so, how. And the defense cannot meaningfully determine the significance of the material produced by Yahoo without understanding why the Government sought the information in the first place.

      Accordingly, we reiterate our request that the Government produce the application and Order under Rule 16 and the Government's *Brady* obligations. Please advise whether you will comply with this request so that we can, if necessary, seek relief from the Court. Thank you for your attention to this matter.

Respectfully yours,

Lawrence S. Lustberg, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, NJ 07102-5310
(973) 596-4500
llustberg@gibbonslaw.com

cc:    All counsel of record (via email)