

Lawrence S. Lustberg
Director

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Direct: 973-596-4731 Fax: 973-639-6285
llustberg@gibbonslaw.com

March 17, 2023

**VIA ECF**

Honorable Kevin McNulty
United States District Judge
Lautenberg U.S. Post Office & Courthouse
Federal Square
Newark, New Jersey 07102

  **Re:** *United States v. Coburn & Schwartz*,
     **Criminal No. 19-120**

Dear Judge McNulty:

  We are in receipt of the letter Cognizant filed yesterday. We intend to promptly respond in a way that will address both Cognizant's specific arguments and seek appropriate relief on behalf of the defense. We write now only to address two related issues: (1) Cognizant's claim that the parties' longstanding dispute over privilege has somehow been "manufactured" by the defense in order to delay the evidentiary hearing scheduled for April 18 and 19; and (2) the briefing schedule proposed by Cognizant.

  Cognizant, using loose and unfair allegations of "bad faith," repeatedly describes the defense's longstanding concerns over the scope of Cognizant's assertions of privilege as an effort to delay the hearing. Indeed, Cognizant goes so far as to accuse the defense of seeking to "gin up" and "manufacture" this dispute in order to adjourn the hearing. But defendants have no desire to adjourn the hearing, with which we were prepared to proceed on March 19, but did not based upon the schedules of the witnesses from Cognizant and the Government, and are now prepared to proceed on the designated dates regardless of how and when the Court rules on the important (and increasingly stark) differences in the parties' views of privilege and the Court's prior orders. To be clear, the defense does not seek an adjournment of the hearing. The fact that the defense has been required repeatedly to seek (and re-seek) documents to which it believes it is entitled is, we respectfully submit, a sign of Cognizant's inappropriately narrow reading of the Court's orders, not of the defense's bad faith. Finally, and in any event, our willingness to proceed with the hearing on the designated dates should confirm that the problems we raise go beyond the hearing, and are not raised in an effort to delay anything.

  As for scheduling—and although the defense believes that the Court could rule on specific privilege issues as they arise at the hearing—we are prepared to brief and argue those issues, which implicate broader and more fundamental issues of privilege and waiver. To that end, we are prepared to respond to Cognizant's arguments on the schedule Cognizant has unilaterally proposed.

GIBBONS P.C.

March 17, 2023
Page 2

      We regret that Cognizant has sought to diminish the serious privilege issues that we have been raising for years and that the Court has already addressed in multiple opinions. Having failed to resolve them with Cognizant, we look forward to airing them with the Court.

      Respectfully submitted,

      s/Lawrence S. Lustberg
      Lawrence S. Lustberg, Esq.
      **GIBBONS P.C.**
      One Gateway Center
      Newark, NJ 07102-5310
      (973) 596-4500
      llustberg@gibbonslaw.com

cc:    All Counsel (via ECF)