# EXHIBIT 20



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street*
*Newark, New Jersey 07102*
*(973) 645-2700*

June 15, 2022

Theodore V. Wells, Jr., Esq.
Roberto Finzi, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019

Lawrence S. Lustberg, Esq.
Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310

        Re:   <u>United States v. Gordon Coburn, Steven Schwartz</u>
                Crim. No. 19-120 (KM)

Dear Counsel:

      As you are aware, the Court's March 23, 2022 Opinion (DE 319) instructed the Government to "review its communications with Cognizant for the period September 2016 to February 2019" and "produce any and all communications that reflect any direction of Cognizant's investigative efforts[.]" We have conducted this review and concluded that we do not have communications reflecting "direction" of Cognizant's investigation. Instead, during the course of its own independent investigation, the Government made requests for information and documents to Cognizant through its outside counsel and had meetings and communications with counsel during which the Government received information in response to those requests, as well as through document productions. Nonetheless, we are disclosing the below communications as a courtesy and in an abundance of caution, even though we do not believe they reflect "direction" of, or control over, Cognizant's investigation.

      During a meeting on October 6, 2016, between the Government and DLA Piper ("DLA"), a DLA attorney advised the Government that counsel planned to do an additional (third) interview of Steven Schwartz—which, as you know, never occurred—and had requested medical records from Schwartz related to his

purported alibi concerning the basal cell procedure that he had performed in April 2014. The Government asked DLA if "we" had exhausted everything around Schwartz's claim of not remembering the events he was asked about during his initial interview, and whether Schwartz was in the office the week of those events. DLA explained that it was not uncommon for Cognizant employees to work remotely and from home.

During a call on February 14, 2017, the Government advised DLA that it had been in touch with counsel for Sridhar Thiruvengadam about the Government interviewing Thiruvengadam. DLA advised that Thiruvengadam's counsel had requested documents. The Government said that it wanted Thiruvengadam's counsel to have access to documents that Thiruvengadam would have had access to during the relevant time period. The Government also requested a copy of any documents provided to Thiruvengadam's counsel as well counsel for Srimanikandan Ramamoorthy. DLA advised that they had made available to Thiruvendgadam's and Ramamoorthy's counsel those documents that each respective witness would have seen in his business function. The Government asked why DLA had only made documents available for counsel's review instead of producing them to counsel, and DLA responded that counsel for Thiruvengadam had requested access to Thiruvengadam's emails and computer, and DLA told counsel that DLA would make the relevant documents available to him. The Government advised that it would be helpful if DLA kept track of documents shown to the witness for the first time. DLA noted that it would make a copy of materials provided to Thiruvengadam's counsel. The Government also noted that it wanted to interview Thiruvengadam first. During the call, DLA stated that Thiruvengadam's testimony has evolved and his memory has gotten better. In a subsequent meeting on March 10, 2017, the Government asked DLA if Thiruvengadam's counsel had received the documents to which Thiruvengadam would have had access. DLA responded that the documents were going out to counsel that day, and that DLA would produce to the Government a binder of documents that Thiruvengadam was on.

During a meeting on February 24, 2017, DLA provided factual information from DLA's prior interview on August 23, 2016 of Thiruvengadam. The Government previously disclosed the factual information provided by DLA relating to this interview. As previously noted, DLA showed Thiruvengadam the line item that showed Statutory Approvals (November 2014) and Thiruvengadam said he had no idea about it and that he had no knowledge that the $3.7 million had been rejected and replaced with other line items. The Government thereafter asked DLA whether, for any future witness interviews DLA conducted, DLA could first speak with the Government before showing a witness a document that he/she might not have received. DLA said yes.

During a May 3, 2017 call, DLA provided an update on interactions DLA had with counsel to two company employees—Raj Ghosh and Thiruvengadam.

According to DLA, counsel for these individuals had received relevant documents from DLA and had asked DLA for a debrief regarding statements that their respective clients had previously made to DLA prior to retaining counsel. DLA noted that it considered this request reasonable. DOJ advised DLA that it (DOJ) would get back to them on whether to proceed.

During a March 21, 2018 call, the Government noted to DLA that certain documents DLA produced relating to the April 2014 video calls involving Coburn, Schwartz, Thiruvengadam, and Ramamoorthy (the Tandberg records) appeared to list another Cognizant employee. Previously, on March 19, 2018, DLA explained that Thiruvengadam logged into that video call from a machine or account later assigned to another employee and that employee was incorrectly referenced in the Tandberg records. During the March 21 call, the Government asked DLA whether that employee had actually been on the video call and whether DLA had interviewed the employee to confirm whether or not he was on the call. DLA said it had not, but instead had asked the other call participants if the additional employee was on the call and they said he was not. DLA stated that they would see if the employee was still employed with Cognizant and, if he was, DLA would speak with him. During a follow-up call on March 22, 2018, the Government asked DLA to track down the employee and get an answer from him. DLA agreed to follow up. During a subsequent call on April 16, 2018, the Government asked DLA whether DLA had a chance to confirm with the employee whether he was on the April 2014 video call and DLA responded that they would get it done that week. The Government then requested a summary from the interview.[1] Our recent review of our communications revealed no information about whether this interview was, in fact, conducted or whether DLA provided a summary of it.

---

[1] It appears that the employee referenced is Rajeev Menon. *See* CTS-0101448-49 (noting reference to Tandberg account "Rajeev Menon's Office," which was a Tandberg account previously assigned to Thiruvengadam at the time of the April 22, 2014 call); FBI 302 of Interview of Ramesh Lakshminarayanan (regarding Tandberg log relating to the April 22, 2014 video call).

3

During a presentation to the Government on May 10, 2018, Cognizant's outside counsel from Latham & Watkins LLP addressed the Principles of Federal Prosecution of Business Organizations (also known as the "Filip Factors") and requested that the Government decline prosecution of the company. In the course of describing the company's proactive cooperation, company counsel highlighted that DLA had persisted in securing additional interviews with the president (Coburn) and general counsel (Schwartz) of Cognizant, which Latham described as a distinguishing factor in the Company's cooperation.

| | |
|---|---|
| LORINDA LARYEA<br>Acting Chief | PHILIP R. SELLINGER<br>United States Attorney |
| */s/Gerald M. Moody, JR.* | */s/ Nicholas P. Grippo* |
| DAVID A. LAST<br>SONALI D. PATEL<br>GERALD M. MOODY, JR.<br>Fraud Section, Criminal Division<br>U.S. Department of Justice | NICHOLAS P. GRIPPO<br>Assistant U.S. Attorney<br>District of New Jersey |

4