# EXHIBIT 28

**Debevoise & Plimpton**

Debevoise & Plimpton LLP
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
+1 202 383 8000

Colby A. Smith
Partner
casmith@debevoise.com
Tel +1 202 383 8095

January 5, 2018

FOIA CONFIDENTIAL TREATMENT REQUESTED

Kevin Gingras, Esq.
Fraud Section, Criminal Division
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20005

Andrew Bruck, Esq.
Assistant U.S. Attorney, District of New Jersey
United States Attorney's Office
970 Broad Street, Suite 700
Newark, New Jersey 07102

## L&T Construction

Dear Kevin and Andrew:

On behalf of our client Larsen & Toubro Construction ("L&T Construction" or "the Company"), this letter will provide the Company's initial response to the U.S. Department of Justice's ("DOJ's") December 8, 2017 letter seeking a voluntary production of documents and the provision of certain witnesses for interviews (the "December 8 letter"). As you know, we discussed the December 8 letter during a telephone call on December 19, 2017 (the "December 19 call"). This letter will further elaborate on the outline of L&T Construction's response during that call. In addition, we are enclosing, in electronic form, L&T Construction's seventh production of documents, which constitutes the first part of a rolling response to the document requests in the December 8 letter.

**L&T Construction's Voluntary Response to the DOJ's Document Requests**

As we discussed on December 19, L&T Construction is prepared to provide a voluntary production of documents in response to the four requests contained in the December 8 letter. To that end, 41,538 electronic documents are enclosed with this letter and bear Bates numbers **LT00007089 – LT00134072**. These documents constitute the bulk of L&T Construction's anticipated response to Request 1 of the December 8 letter, although some additional documents may still be forthcoming as our review continues.

In preparing this response to Request 1, we queried the communications in our database[1] with the names and/or email addresses of the four Cognizant Technology Solutions ("CTS") employees

---

[1] We previously have described our database as consisting of electronic data collected from 29 L&T Construction custodians (including all nine of the L&T Construction employees specifically named in the December 8 letter). The database also includes restored files from backup tapes for selected custodians and, where available, "carved" files in which data was restored from previously deleted files. When using this data for purposes of L&T Construction's internal review, we applied certain filters to the data before loading it for review. For purposes of L&T Construction's response to the

Kevin Gingras, Esq.          2          January 5, 2018

listed in the December 8 letter and for the dates December 1, 2013 to March 30, 2015. We then ran the names and/or email address of the nine L&T Construction custodians against these documents. This should assure that all communications between the four CTS employees and the nine L&T Construction employees have been captured for production. Also included in the production are all family members for the responsive documents.

Although we anticipate that the enclosed responsive documents constitute the bulk of the items that are responsive to the December 8 letter, we plan to complete the production on a rolling basis in the next two or three weeks. We advised on the December 19 call that our production would be on a rolling basis and take approximately this long. We also appreciated your agreement on the call that we could initiate L&T Construction's production within a week after the December 8 letter's original January 2, 2018 deadline.

With respect to Request 2, we are collating documents responsive to those requests and currently anticipate being in a position to produce them to you by Friday, January 19, 2018.

With respect to Requests 3 and 4, we are identifying payments made to government authorities in connection with statutory approvals on the KITS, Pune and Siruseri projects. During the December 19 call, we mentioned that CTS typically had the responsibility to pay such fees, and in most cases did so without notifying L&T Construction. In determining payments responsive to Requests 3 and 4, we are querying the KITS, Pune and Siruseri project accounts. For any payments we find, we will provide you with a list of the payments, any related supporting documentation and the detailed information sought in Request 4, where it is available to L&T Construction. We currently anticipate being in a position to produce this information and documentation to you by Friday, January 19, 2018.

**L&T Construction's Efforts to Make Witnesses Available for Interviews**

The December 8 letter also requested an opportunity to interview nine different L&T Construction employees (or former employees) in relation to the DOJ's investigation. During the December 19 call, we indicated that L&T Construction is, in principle, willing to cooperate in making witnesses available for interviews. L&T Construction objected, however, to such a lengthy list of interviewees, especially in light of the logistics involved in making employees travel from home to participate in a process that will be entirely foreign to them. In addition, we noted based upon our own work so far that some of the witnesses were likely to provide overlapping testimony. Finally, we mentioned that L&T Construction will strongly encourage employees to voluntarily participate in interviews, but under Indian law L&T Construction may be constrained from coercing employees to do so. As we understand it, interviews of this kind may be viewed as falling outside of the employee's normal job responsibilities and therefore may not be something the Company can simply order them to do.

We asked you to consider whether interviews with three or four L&T Construction employees would be more reasonable under the circumstances. To that end, we put forward the names of three individuals who have broad and detailed knowledge of the KITS project, the KITS extra claims process and the broader CTS relationship. We are in the process of discussing with those employees – Ramesh Vadivelu, Ramasamy Nakkiran and Balaji Subramanian – whether they are willing to participate in interviews, subject to an opportunity to consult with individual counsel.

---

December 8 letter, we went beyond those filters and identified the responsive documents from the original source data.

Kevin Gingras, Esq.                              3                            January 5, 2018

During the December 19 call, we also discussed the potential importance to employees of holding interviews in a neutral location outside of the United States. We discussed, on a preliminary basis, Singapore as a potentially attractive option, as well as London. We think holding the interviews in such a location may make it easier to persuade employees to participate and we also believe that a location more proximate to India will be less disruptive and also may make it easier to obtain necessary visas and travel permissions. After consultation with L&T Construction's in-house legal head, we suggest holding any interviews in Singapore (London also remains a viable second choice, although we understand that U.K. visas can be harder for Indian nationals to obtain).

We also discussed the timing of interviews during the December 19 call. The December 8 letter requested interviews in January or February 2018. We indicated that it seemed unlikely interviews could take place before late February, because of the need to help employees obtain visas and the need to provide them with legal representation in any interviews that may take place. We noted that this was an additional reason for you to consider prioritizing the list of interviewees and to focus (at least initially) on three or four individuals. We noted that it may be more feasible to overcome some of these logistical issues for a smaller group of potential interviewees than it would be for a longer list. On the December 19 call you indicated a desire to try to complete the interviews earlier in February and we noted that doing so likely would be easier for a smaller group. We are working proactively to obtain a commitment from the employees mentioned above and we also have begun the process of reaching out to potential counsel for them – in the hopes of being able to meet your desire for meetings in early to mid-February. We will let you know as soon as possible whether that seems feasible.

We look forward to holding further discussions with you about the proposals L&T Construction has made regarding the interview process. As we noted on December 19, L&T Construction intends to continue to cooperate with the DOJ's inquiry, but it hopes the cooperation can proceed on a reasonable and constructive basis.

* * * * *

Pursuant to 28 C.F.R. §16.8, we request on L&T Construction's behalf that confidential treatment be accorded to all copies of this letter, the accompanying documents, and any notes, memoranda, or other records created by or at the direction of the DOJ or other federal law enforcement agencies, their officers or staff members, that reflect, refer, or relate to this letter or the enclosed documents. Among other things, the enclosed documents contain trade secret information or privileged and confidential commercial or financial information exempt from disclosure under the Freedom of Information Act, 5 U.S.C. § 552(b)(4).

Please promptly inform me of any request under the Freedom of Information Act seeking access to any of the foregoing records, including this letter, to enable us to substantiate the grounds for confidential treatment.

Provision of these materials is not intended to, and does not waive any applicable privilege or other legal basis under which information may not be subject to production. If it were found that production of any of the enclosed materials constitutes disclosure of otherwise privileged matters, such disclosure would be inadvertent. By the production of such documents, L&T Construction does not intend to waive and has not waived the attorney-client privilege or any other protections.

Kevin Gingras, Esq.  4  January 5, 2018

Please let me know if you have any questions about this letter or the enclosed documents.

Very truly yours,

Colby A. Smith

Enclosures

By Electronic Mail and Federal Express