# EXHIBIT 32



Debevoise & Plimpton LLP
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
+1 202 383 8000

Colby A. Smith
Partner
casmith@debevoise.com
Tel  +1 202 383 8095

January 19, 2018

FOIA CONFIDENTIAL TREATMENT REQUESTED

Kevin Gingras, Esq.
Fraud Section, Criminal Division
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C.  20005

## L&T Construction

Dear Kevin:

On behalf of our client Larsen & Toubro Construction ("L&T Construction" or the "Company"), this letter provides the second part of the Company's rolling response to the U.S. Department of Justice's ("DOJ's") December 8, 2017 letter seeking a voluntary production of documents and the provision of certain witnesses for interviews (the "December 8 letter"). As you know, we discussed the December 8 letter during a telephone call on December 19, 2017 (the "December 19 call"). The Company also provided the first part of its rolling response to the December 8 letter on January 5, 2018, including a description of our offer to make certain witnesses available for interview (the "January 5 letter"). The production accompanying this letter in electronic form is L&T Construction's eighth production of documents and constitutes the Company's response to the document requests in paragraphs numbered 2, 3 and 4 of the December 8 letter.

The accompanying production constitutes 6,817 electronic documents bearing Bates numbers **LT00134073 – LT00167434**. These documents constitute L&T Construction's response to Requests 2, 3 and 4 of the December 8 letter (its response to Request 1 accompanied the January 5 letter). In preparing this production, we searched our database, L&T Construction's accounting records and other paper files. We have endeavored to conduct a comprehensive search and make this production complete by implementing the steps described below and in the January 5 letter. Nevertheless, our work at L&T Construction is ongoing and we reserve the right to supplement our responses to the requests in the December 8 letter should any additional responsive documents come to our attention.

In preparing the response to Request 2, we queried the communications in our database[1] with the search parameters listed in Annex A to this letter. In total, we identified 17,296 documents using this

---

[1] We previously have described our database as consisting of electronic data collected from 29 L&T Construction custodians (including all nine of the L&T Construction employees specifically named in the December 8 letter). The database also includes restored files from backup tapes for selected custodians and, where available, "carved" files in which data was restored from previously deleted files. When using this data for purposes of L&T Construction's internal review, we applied certain filters to the data before loading it for review. For purposes of L&T Construction's response to the December 8 letter, we went beyond those filters and identified the responsive documents from the original source data.

www.debevoise.com

DOJ-LT-LTR-00000039

Kevin Gingras, Esq.            2            January 19, 2018

process. All of these documents were then reviewed for responsiveness to the four subcategories (a – d) in Request 2, the focus of the review being the elimination of any false positives. Once false positives were eliminated, all remaining documents and their family members were then prepared for production. In total, 6,774 documents are being produced as the Company's response to Request 2 [**LT00134073 – LT00167142**] . For your convenience, we have grouped the documents according to the subcategories of Request 2. Annex A includes the Bates ranges for the documents responsive to each subcategory.

In preparing the Company's response to Requests 3 and 4, lawyers and forensic accountants from our co-counsel, Cyril Amarchand Mangaldas ("CAM"), worked with the Company to collate responsive information from the Company's finance records. This work included the compilation of a list of statutory approvals obtained by L&T Construction for each project and a search of financial records to locate payment information and supporting documentation for the statutory approvals. CAM also searched the general ledger of transactions for the relevant projects to identify transactions that appeared to pertain to statutory approvals, including, in particular, transactions recorded in several expense codes that might contain such payments (*e.g.*, 80246 – *"Sundries Others"*, 72001 – *"Power/Electricity"*, 80246 – *"Other Rates & Taxes – Project Related"*, 80268 – *"Work Contract Tax – Project Related"*, 72133 – *"Hire Charges – Others"*, 65072 – *"Other receipts"*, 71501 – *"Sub-Contract (Labour)"*). CAM also searched for payee names in the project ledgers and identified transactions on the basis of applying keywords such as "Inspector", "MIDC", "Executive", "Commissioner", "MSEDCL", "CMDA", "government."

The Company's response to Requests 3 and 4 consists of: (i) charts of statutory approvals for each of the KITS, Pune, and Siruseri projects, which are attached to this letter as Annex B [**LT00167432 – LT00167434**]; and (ii) supporting documentation for such payments identified through the efforts outlined above [**LT00167143 – LT00167431**]. As mentioned during the December 19 call and in the January 5 letter, Cognizant Technology Solutions ("CTS") typically had the responsibility to pay such fees, and in most cases did so without notifying L&T Construction. For completeness, the production includes not only payments for statutory approvals made by L&T Construction that were subsequently reimbursed by CTS, but also any supporting documentation available to L&T Construction when the payment for the statutory approval was made directly by CTS.

\* \* \* \* \*

Pursuant to 28 C.F.R. § 16.8, we request on L&T Construction's behalf that confidential treatment be accorded to all copies of this letter, the accompanying documents, and any notes, memoranda, or other records created by or at the direction of the DOJ or other federal law enforcement agencies, their officers or staff members, that reflect, refer, or relate to this letter or the enclosed documents. Among other things, the enclosed documents contain trade secret information or privileged and confidential commercial or financial information exempt from disclosure under the Freedom of Information Act, 5 U.S.C. § 552(b)(4).

Please promptly inform me of any request under the Freedom of Information Act seeking access to any of the foregoing records, including this letter, to enable us to substantiate the grounds for confidential treatment.

Kevin Gingras, Esq.          3          January 19, 2018

Provision of these materials is not intended to, and does not waive any applicable privilege or other legal basis under which information may not be subject to production. If it were found that production of any of the enclosed materials constitutes disclosure of otherwise privileged matters, such disclosure would be inadvertent. By the production of such documents, L&T Construction does not intend to waive and has not waived the attorney-client privilege or any other protections.

Please let me know if you have any questions about this letter or the enclosed documents.

Very truly yours,

*[signature]*

Colby A. Smith

Enclosures

*By Electronic Mail and Federal Express*