# EXHIBIT 47

# Privileged

**From:** Josh Rievman [mailto:jrievman@hnrklaw.com]
**Sent:** Thursday, September 22, 2016 4:30 PM
**To:** Buch, Karl
**Cc:** BDenniston@goodwinlaw.com; John Kenney; Stratton, Gray
**Subject:** RE: Steven Schwartz

Karl,

Before allowing a third-party provider to access the devices, we need to agree on what will be made available to you and how that will be accomplished.

We are not going to allow Steven to expose his personal devices to a third-party processor unless and until we have such an agreement, so this will not be done by tomorrow.

To be clear about the suggestion in my earlier email, a mutually acceptable provider would search the devices for communications with Cognizant or its business partners. To do so, I would suggest the provider search the "To" field for domains such as "Cognizant" and the third parties in which you are interested, as well as names of people in whom you are interested. I envision the same thing for texts, searching for conversations with names. If this is acceptable to you, we need to see the list of names and domains.

Further, while you can make copies of the very few, and not at all relevant, communications this is likely to yield, Steven is not comfortable handing over the devices to anyone for imaging. Because these are personal devices, they contain highly personal information, including financial information, spousal and familial communications and the like. Steven is not comfortable having this information accessible by anyone, let alone allowing it to be stored.

I am happy to discuss this tomorrow.

Finally, regarding tomorrow, we agreed to 9:30, not 9:00. You can look back to our emails on Sunday. Second, although I agree to abide by your most unusual rules, I do so only because I have no choice and not because I think it makes for an acceptable witness interview situation. And I take exception to your characterization of taking notes or asking questions as "disrupting" the interview. This is not the case.

Josh

Josh Rievman

HOGUET NEWMAN
REGAL & KENNEY

10 East 40th Street
New York, New York 10016
T 212.689.8808 | F 212.689.5101

website | bio | vCard | email


**From:** Buch, Karl [mailto:Karl.Buch@dlapiper.com]
**Sent:** Thursday, September 22, 2016 3:51 PM
**To:** Josh Rievman
**Cc:** BDenniston@goodwinlaw.com; John Kenney; Stratton, Gray
**Subject:** RE: Steven Schwartz

Dear Josh--

Thank you for the below. We appreciate Steven's willingness to cooperate with the investigation, and would like to collect and image his devices tomorrow morning. I will provide the name of the third party provider that will be present to make the images later today.

Separately, I want to confirm that our interview of Steven will start tomorrow at 9:00 a.m. in our New York City offices. I also want to remind you of our agreement on the parameters around the meeting, namely that only one lawyer will be present during the interview, and that the lawyer will not take notes, ask questions or otherwise disrupt the interview.

Many thanks,

Karl

**Karl Buch**
Foreign Legal Consultant
T +85221030441
F +85228101345
E karl.buch2@dlapiper.com



DLA Piper Hong Kong
www.dlapiper.com

---

**From:** Josh Rievman [mailto:jrievman@hnrklaw.com]
**Sent:** Thursday, September 22, 2016 2:36 PM
**To:** Buch, Karl
**Cc:** BDenniston@goodwinlaw.com; John Kenney
**Subject:** RE: Steven Schwartz

Dear Karl,

Steven has and will continue to cooperate fully with your investigation. In the spirit of that cooperation, and while we do not feel Steven has any obligation to provide his personal devices, we will endeavor to find a way to respond to your request while protecting Steven's privilege and his privacy, preferably through a third party, based on parameters to which you and we agree.

As Steven told your partner Michael Hynes, all Cognizant information (i.e., emails, texts, OneDrive and notes) -- other than the few non-substantive texts and emails I described on Sunday – contained on either device was also on his MacBook Air and/or the backup drive he provided to your firm on August 22 and August 24, respectively. Moreover, the AirWatch system (the email security systems that Cognizant employs) would have prevented Steven from pushing emails and documents outside of the AirWatch container. Accordingly, you already have all the information that you now request, as well as all of Steven's personal communications through August 24. What is at issue at this point, as we understand it, is Steven's personal communications since August 24.

As previously mentioned, Steven owns both his iPhone and iPad. Cognizant does not currently pay for the service on these devices. When you asked Steven to be a witness in this investigation, we advised him to take over payment responsibility for the AT&T service in order to ensure that he fully protected the privilege of communications between us and him, made through his personal email account on his personal devices. Accordingly, since the billing cycle commencing August 2, 2016, Steven has been paying for the AT&T services relating to both devices.

We do not believe that the devices have any non-privileged Cognizant information that you do not already have, but do know that they contain a great deal of personal and privileged information, to which you are not entitled. The type of solution we envision is that Steven would allow a mutually acceptable third-party provider to pull from his personal email and text any communications between him and any Cognizant employee or business partner. I would hope we can work out the details in the coming days.

Best Regards.

Josh


Josh Rievman

**HOGUET NEWMAN REGAL & KENNEY LLP**

10 East 40th Street
New York, New York 10016
T 212.689.8808 | F 212.689.5101

website | bio | vCard | email

---

**From:** Buch, Karl [mailto:Karl.Buch@dlapiper.com]
**Sent:** Thursday, September 22, 2016 7:13 AM
**To:** Josh Rievman
**Cc:** BDenniston@goodwinlaw.com
**Subject:** Re: Steven Schwartz

Hi Josh--

I write to follow-up with you concerning the Company's request that Steven provide his iPhone and iPad for imaging by the Company. I understand that Steven uses his iPhone and iPad to conduct Company business, and that the Company reimburses Steven for the monthly service plans associated with these devices. Given these facts, the Company expects that Steven will cooperate with the Company's internal investigation by providing the devices for imaging.

The Company is only interested in extracting Company records from these devices -- not Steven's personal data. Accordingly, we will work with you to devise a system to segregate Company data from Steven's personal data. Please confirm that Steven will bring the devices for imaging on Friday morning when we are scheduled to meet with you and him so that I can make arrangements with the data collection vendor.

Happy to discuss this further if necessary.

Many thanks,
Karl

**Karl Buch**
Foreign Legal Consultant

T +85221030441
F +85228101345
E karl.buch2@dlapiper.com

[DLAPiper Logo_emailsignatu]

DLA Piper Hong Kong
www.dlapiper.com


On Sep 20, 2016, at 7:37 AM, Josh Rievman <jrievman@hnrklaw.com> wrote:

> No probes but to be clear it is Steven's flexibility.
>
> Josh Rievman

Hoguet Newman Regal & Kenney
10 East 40th Street
New York, New York 10016
(212) 689-8808

On Sep 20, 2016, at 7:30 AM, Buch, Karl <Karl.Buch@dlapiper.com> wrote:

Thank you Josh for your flexibility.

Many thanks,

Karl

**Karl Buch**
Foreign Legal Consultant

T +85221030441
F +85228101345
E karl.buch2@dlapiper.com



DLA Piper Hong Kong
www.dlapiper.com


On Sep 20, 2016, at 7:13 AM, Josh Rievman <jrievman@hnrklaw.com> wrote:

Steven indicates 9:30 should work. He is rearranging his schedule as we speak.

Josh Rievman
Hoguet Newman Regal & Kenney
10 East 40th Street
New York, New York 10016
(212) 689-8808

On Sep 20, 2016, at 6:17 AM, Buch, Karl <Karl.Buch@dlapiper.com> wrote:

Hi Josh--

We could start at 9:30 am if that is more convenient, and expect to go about 3 hours.

Many thanks,

Karl

**Karl Buch**
Foreign Legal Consultant

T +85221030441
F +85228101345
E karl.buch2@dlapiper.com



DLA Piper Hong Kong
www.dlapiper.com


On Sep 20, 2016, at 6:13 AM, Josh Rievman <jrievman@hnrklaw.com> wrote:

Karl

Steven is not available at 8 but is trying to free up time later Friday morning. It would be very helpful if you could let us know how much time you need and whether you can start later Friday morning.

Thank you.

Josh

Josh Rievman
Hoguet Newman Regal & Kenney
10 East 40th Street
New York, New York 10016
(212) 689-8808

On Sep 19, 2016, at 6:59 PM, Buch, Karl <Karl.Buch@dlapiper.com> wrote:

Hi Josh--

Hope you are well.  I write to request an interview with Steven this Friday at 8:00 a.m. at DLA's New York City offices.  Please advise on availability.
Many thanks,

Karl

**Karl Buch**
Foreign Legal Consultant
T +85221030441
F +85228101345
E karl.buch2@dlapiper.com

DLA Piper Hong Kong
www.dlapiper.com

This email is from DLA Piper Hong Kong.
The contents of this email and any attachments are confidential to the intended recipient. They may not be disclosed to
Please note that neither DLA Piper Hong Kong nor the sender accepts any responsibility for viruses and it is your respon
DLA Piper Hong Kong is a partnership whose principal place of business is at The Landmark, 17th Floor, Edinburgh Tower,
DLA Piper Hong Kong is regulated by the Law Society of Hong Kong and is part of DLA Piper, global law firm, operating th

This email is from DLA Piper Hong Kong.
The contents of this email and any attachments are confidential to the intended recipient. They may not be disclosed to or used by
Please note that neither DLA Piper Hong Kong nor the sender accepts any responsibility for viruses and it is your responsibility t
DLA Piper Hong Kong is a partnership whose principal place of business is at The Landmark, 17th Floor, Edinburgh Tower, 15 Queen's
DLA Piper Hong Kong is regulated by the Law Society of Hong Kong and is part of DLA Piper, global law firm, operating through vari

This email is from DLA Piper Hong Kong.
The contents of this email and any attachments are confidential to the intended recipient. They may not be disclosed to or used by or copied
Please note that neither DLA Piper Hong Kong nor the sender accepts any responsibility for viruses and it is your responsibility to scan or
DLA Piper Hong Kong is a partnership whose principal place of business is at The Landmark, 17th Floor, Edinburgh Tower, 15 Queen's Road, Cen
DLA Piper Hong Kong is regulated by the Law Society of Hong Kong and is part of DLA Piper, global law firm, operating through various separa

This email is from DLA Piper Hong Kong.
The contents of this email and any attachments are confidential to the intended recipient. They may not be disclosed to or used by or copied in any wa
Please note that neither DLA Piper Hong Kong nor the sender accepts any responsibility for viruses and it is your responsibility to scan or otherwise
DLA Piper Hong Kong is a partnership whose principal place of business is at The Landmark, 17th Floor, Edinburgh Tower, 15 Queen's Road, Central, Hong
DLA Piper Hong Kong is regulated by the Law Society of Hong Kong and is part of DLA Piper, global law firm, operating through various separate and dis

This email is from DLA Piper Hong Kong.
The contents of this email and any attachments are confidential to the intended recipient. They may not be disclosed to or used by or copied in any wa
Please note that neither DLA Piper Hong Kong nor the sender accepts any responsibility for viruses and it is your responsibility to scan or otherwise
DLA Piper Hong Kong is a partnership whose principal place of business is at The Landmark, 17th Floor, Edinburgh Tower, 15 Queen's Road, Central, Hong
DLA Piper Hong Kong is regulated by the Law Society of Hong Kong and is part of DLA Piper, global law firm, operating through various separate and dis