UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GORDON J. COBURN and<br>STEVEN SCHWARTZ | Hon. Michael E. Farbiarz<br><br>Criminal No. 19-120 (MEF) |

**ORDER CONCERNING MOTIONS *IN LIMINE***

WHEREAS, on May 10, 2024, the Court heard oral argument on certain of the parties' motions *in limine*; and

WHEREAS, the Court issued certain rulings from the bench regarding those motions, which this Order is intended to memorialize.

It is on this 7th day of June, 2024, ORDERED as follows:

Mr. Coburn's Motions (ECF Nos. 499, 581, 604)

1. The Court grants Mr. Coburn's Motion *in Limine* No. 7 with respect to statements 2, 3, and 5-8, *see* ECF No. 509 at 38-47, which the Government has represented it will not attempt to introduce into evidence. Statement 1 is admissible against Mr. Schwartz but not against Mr. Coburn, and the Court will issue a limiting instruction to the jury to that effect.[1] Subject to the arguments in the additional briefing submitted by the parties, preliminarily, statements 4 and 9 are admissible against Mr. Schwartz but not Mr. Coburn, and the Court will issue a limiting instruction to the jury to that effect.

---

[1] While Mr. Schwartz did not join Mr. Coburn's Motion *in Limine* No. 7, he sought to preclude certain of the statements at issue in this motion in his own Motion *in Limine* No. 2 on which the Court has not yet ruled.

1

2.     Mr. Coburn's Motion *in Limine* No. 8, which concerns certain of Mr. Schwartz's actions and statements made during the investigation is GRANTED in part and DENIED in part. Mr. Coburn's motion with respect to Statement 3 is DENIED as moot as the Government will not introduce it at trial. All of the other statements and actions identified in Mr. Coburn's letter dated January 8, 2024, ECF No. 604, are admissible against Mr. Schwartz but not against Mr. Coburn and the Court will issue a limiting instruction to the jury to that effect. The Court reserves its ruling on Mr. Coburn's Motion *in Limine* No. 8 with respect to the admissibility of Statement 1 in any respect until a decision is issued regarding a jury instruction on facilitation payments. Subject to the arguments in the Confrontation Clause briefing to be submitted, preliminarily, Statement 8 and the statement regarding a red flag/willful blindness are admissible against Mr. Schwartz but not against Mr. Coburn, and the Court will issue a limiting instruction to the jury to that effect .[2]

3.     Mr. Coburn's Motion to Sever is DENIED. The Court will issue limiting instructions regarding which statements and actions are admissible against Mr. Schwartz only to cure any potential prejudice to Mr. Coburn.

4.     Mr. Coburn's Motion *in Limine* No. 11, which concerns emails that the Government seeks to introduce is DENIED. To the extent the Government would like to reference any of these emails in its opening statement, it must notify the Court and the Defendants in writing before jury selection commences on September 9, 2024.

5.     Mr. Coburn's Motion *in Limine* No. 12, which concerns chat messages the Government seeks to introduce is DENIED. To the extent the Government would like to

---

[2] While Mr. Schwartz did not join Mr. Coburn's Motion *in Limine* No. 8, he sought to preclude certain of the statements at issue in this motion in his own Motion *in Limine* No. 2 on which the Court has not yet ruled.

reference any of these emails in its opening statement, it must notify the Court and the Defendants in writing before jury selection commences on September 9, 2024.

6. Mr. Coburn's Motion *in Limine* No. 13, which concerns Government Exhibit 144, an email that includes a reference to the arrest of the former Chief Minister of Tamil Nadu, is DENIED. Prior to the document being shown to the jury, the Court will issue a limiting instruction that the Chief Minister's arrest was not related to the facts alleged in the Indictment or at issue for this case in any way.

7. Mr. Coburn's Motion *in Limine* No. 14, which concerns certain Cognizant policies is GRANTED in part and DENIED in part. Government Exhibits 22, 30-A3, 159, 170, 177-A2, 179-A2,[3] 207, 209, and 210-A2 are admissible. The Court will issue a limiting instruction to the jury that these documents do not purport to summarize United States law. To the extent that any of the policies contain statements about the size of facilitation payments, the Government must redact those statements. Government Exhibits 2, 252-A1, and 252-A2 are inadmissible.

8. Mr. Coburn's letter motion concerning the admissibility of certain emails as business records dated April 30, 2024, is GRANTED.[4]

---

[3] On May 17, 2024, the parties submitted a joint letter to the Court concerning the Court's May 10, 2024 oral argument ruling on Mr. Coburn's Motion *in Limine* 14 and Government Exhibit 179-A2. ECF No. 702. Government Exhibit 179-A2, though not identified in connection with Mr. Coburn's Motion *in Limine* 14, is identical to Government Exhibits 177-A2 and 210-A2, on which the Court ruled. Accordingly, the parties agree that the Court's ruling as to Government Exhibits 177-A2 and 210-A2 should apply to Government Exhibit 179-A2, which is admissible.

[4] Other than hearsay objections, the parties reserve all rights to object to the admissibility of these records.

Mr. Schwartz's Motions (ECF Nos. 500, 582)

9. Mr. Schwartz's Motion *in Limine* No. 4, which concerns statements made by the Government in prior briefing in this matter is DENIED as moot because the Government has represented that it intends to introduce at trial testimony of its witnesses that will establish the facts at issue in this motion for the jury.

The Government's Motions (ECF Nos. 501, 580, 647)

10. Government Motions *in Limine* Nos. 1 and 3 concerning whether Government Exhibits 8A1, 8A2, 15A2, 251 A1, 127 A1, 128 A1, 133, 145 A2, 145 A3, 145 A4, 145 A7, 147 A1, 152 A1, 158 A1, 167 A1, 171 A1, 175 A1, 176 A2, 191 A1, 193 A2, 194 A2, 197 A1, 229, 230, 231, 232, 237 qualify for the hearsay exception under Fed. R. Evid 803(6) and the self-authentication standard under Fed. R. Evid. 902(11) is GRANTED.[5]

11. Government Motion *in Limine* No. 5, concerning the admissibility of other act evidence under Fed. R. Evid. 404(b) related to the Pune campus is GRANTED. The Government agrees that it will not seek to introduce Government Exhibit 52 at trial. The Court does not today rule on the scope of cross-examination relating to the Pune campus.

12. Government Motion *in Limine* No. 6, concerning the admissibility of certain other act evidence under Fed. R. Evid. 404(b), is GRANTED in part and DENIED in part. Evidence relating to the KITS power bribe is admissible. Evidence relating to the Provident Fund, Hyderabad, and Mr. Schwartz's general support for compliance is not. Defendants shall be permitted to elicit testimony, through witnesses who are already testifying, regarding two aspects of how in-house/internal lawyers functioned at Cognizant: (1) the frequency with which Mr.

---

[5] Other than hearsay objections, the parties reserve all rights to object to the admissibility of these records.

Coburn consulted with Mr. Schwartz on challenging issues or issues involving ethics or compliance and (2) Mr. Schwartz's reputation within Cognizant, as understood by Mr. Coburn. The Government agrees that it will not offer evidence in its case-in-chief that Mr. Coburn or Mr. Schwartz sought to impede the 2016 internal investigation in any way. The Court reserves its ruling with respect to evidence relating to Mr. Schwartz's support for the 2016 internal investigation.

13. Government's Motion *in Limine* No. 8, concerning evidence or argument about Defendants' backgrounds is DENIED as moot because Defendants have represented that they will not present any evidence regarding punishment and the parties have agreed that it is premature to address arguments regarding Defendants' personal and background information at this juncture in advance of trial. To the extent that Defendants intend to present any such evidence in opening statements or through evidence, they must notify the Court and the Government prior to doing so.

14. Government's Motion *in Limine* No. 9, concerning arguments about bribes being customary in India is DENIED as moot because the parties have represented that they will not present any evidence or argument regarding jury nullification. To the extent that Defendants intend to present any such evidence in opening statements or through evidence, they must notify the Court and the Government prior to doing so.

IT IS FURTHER ORDERED that this Order should be read and construed consistent with the rulings made by the Court in the course of the oral argument held on May 10, 2024, as reflected in the transcript of the proceedings held on that date.

_____
Honorable Michael E. Farbiarz
United States District Judge