PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

DIRECT DIAL: +1 212 373 3311
EMAIL: RFINZI@PAULWEISS.COM

BRUSSELS
HONG KONG
LONDON
LOS ANGELES
SAN FRANCISCO
TOKYO
TORONTO
WASHINGTON, DC
WILMINGTON

January 13, 2025

By ECF

The Honorable Michael E. Farbiarz
United States District Judge
U.S. District Court for the District of New Jersey
Frank R. Lautenberg U.S. Post Office & Courthouse
2 Federal Square
Newark, N.J.  07102

*United States v. Coburn and Schwartz*, 19-cr-120 (MEF)

Dear Judge Farbiarz:

      We represent Steven Schwartz and, together with counsel for co-defendant Gordon Coburn, write seeking clarity on the availability for trial of the Government's self-described "essential witness," Srimanikandan Ramamoorthy, and whether and how the Government intends to proceed if he is not available to testify. As the Court knows, several days before a "peremptory" trial date of October 3, 2023, for which Judge McNulty and the defense had expended a great deal of time and resources preparing, the Government informed the Court and Defendants that Mr. Ramamoorthy was unable or unwilling to travel from India to the United States to testify because he had voluntarily "surrendered" his passport to Indian authorities two days before he was scheduled to travel to the United States. ECF Nos. 547 at 1, 549 at 1. Over Defendants' objections, Judge McNulty granted the Government's request to adjourn the trial so that the Government could attempt to negotiate and secure Mr. Ramamoorthy's appearance. ECF No. 550. Trial is now scheduled to begin on March 3, 2025.

      At that time, the Government had been aware of Mr. Ramamoorthy's reluctance to travel to the United States for two months, since late July 2023, when Mr. Ramamoorthy's counsel told the Government that he had decided not to testify in the United States, given his exposure in India. Ex. A, Sept. 1, 2023 Letter from S. Patel *et al.* to J. Loonam *et al.*, at 2; *see also* Ex. B, FBI-302 of Aug. 1, 2023 Interview of S. Ramamoorthy, DOJ-JENCKS-000000585 at -586 ("MANI wanted clarity on the status of the Indian investigation and assurances from the Indian authorities prior to traveling to the United States."); Ex. C, FBI Notes of Aug. 1, 2023 Interview of S. Ramamoorthy, DOJ-JENCKS-000000587 at -587 ("Mani is going to come but it just depends on the stage of the Indian court and gaining clarity of the timeline of the investigation so it doesn't appear that he is fleeing.").

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Michael E. Farbiarz                                                                                              2

        Even after the adjournment, Mr. Ramamoorthy has continued to insist that he will need to be comfortable with the status of the investigations pending against him in India before traveling to the United States to testify in this matter. Ex. D, FBI-302 of Sept. 29, 2023 Interview of S. Ramamoorthy, DOJ-JENCKS-0000004629 at -629 ("MANI wanted to get in compliance with [the Indian Enforcement Directorate] to make [them] comfortable, and then MANI could travel to the United States."); Ex. E, FBI-302 of Jan. 8–10, 2024 Interview of S. Ramamoorthy, DOJ-JENCKS-0000004675 at -681, -683 ("*MANI wanted things to be settled in India before travelling to the United States to testify*. . . . MANI agreed to get in compliance with the [Enforcement Directorate] prior to travelling to the US . . . ." (emphasis added)).

        With trial fast approaching, Defendants are unaware of any information suggesting that the investigations involving Mr. Ramamoorthy in India have been resolved, let alone that Mr. Ramamoorthy has received assurances from the Indian authorities that he may travel to the United States to testify. To the contrary, recent disclosures made by the Government indicate that Indian authorities have found Mr. Ramamoorthy not credible, Ex. F, Oct. 31, 2024 Letter from K. Edelman *et al.* to J. Loonam *et al.*, at 1–2, which itself may suggest that he has not received the assurances he has sought as a prerequisite to traveling to the United States to testify.

        When asked about Mr. Ramamoorthy's willingness and ability to travel to the United States for trial, the Government has declined to provide a concrete representation that Mr. Ramamoorthy will in fact appear to testify or as to how the Government intends to proceed if Mr. Ramamoorthy is not available. Defendants believe it would be a waste of the Court's resources to decide the several pending pretrial motions if Mr. Ramamoorthy will not appear at trial and the Government will not proceed without him, and, in light of the uncertainty, Defendants do not wish to spend additional time and resources preparing for a trial that the Government has not assured us will happen.

        Accordingly, Defendants respectfully request the Court's assistance in obtaining confirmation from the Government that it will be prepared to proceed on March 3 as scheduled. Alternatively, we respectfully request that Your Honor convene a status conference to discuss these issues.

        Thank you for your consideration of this matter.

        Respectfully submitted,

        */s/ Roberto Finzi*

        Roberto Finzi

cc:    All Counsel of Record (via ECF)