PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

BRUSSELS            TOKYO
HONG KONG           TORONTO
LONDON              WASHINGTON, DC
LOS ANGELES         WILMINGTON
SAN FRANCISCO

DIRECT DIAL:  +1 212 373 3766
EMAIL:  JLERER@PAULWEISS.COM

March 3, 2025

**VIA ECF**

The Honorable Michael E. Farbiarz
United States District Judge, District of New Jersey

*United States* v. *Coburn & Schwartz*, 19-cr-120 (MEF)

Dear Judge Farbiarz:

Defendant Steven Schwartz respectfully submits this brief in response to the government's letter-brief opposing Mr. Schwartz's Motion *in Limine* No. 2, ECF No. 925.

The facts remain clear: in the August and September 2016 interviews, DLA Piper ("DLA") asked Mr. Schwartz a series of guilt-assuming hypothetical questions and questions seeking legal conclusions about events and a note that Mr. Schwartz had repeatedly stated that he did not remember. These questions and their corresponding answers have little to no probative value and their admission would cause unfair prejudice to Mr. Schwartz and risk jury confusion. *See* Fed. R. Evid. 403. They should be precluded for the reasons Mr. Schwartz has previously discussed. *See* ECF Nos. 500-1 at 31–39, 522 at 21–31, 923.

The government's recitation of limited portions of the DLA interview memoranda—as read aloud by Gray Stratton of DLA at the February 28, 2025 hearing—does not cure the deficiencies of the questions and does not establish that Mr. Schwartz "volunteered" all of the statements at issue. *See* ECF No. 925 at 1. Instead, it highlights that the government continues to ignore the confusing nature of DLA Piper's questions asked of Mr. Schwartz years after the conduct alleged, and about calls and notes that Mr. Schwartz consistently said he did not remember.

Nevertheless, the government argues that Mr. Schwartz's answers are "highly probative for non-hearsay purposes including knowledge, intent, and consciousness of guilt." *Id*. at 2. But DLA's questions seeking Mr. Schwartz's views—in 2016—about the April 2014 calls and notes that he did not remember, could not and did not elicit what Mr. Schwartz did, knew, intended, or was thinking in 2014. Rather, these questions elicited his interpretation—in 2016—of the calls and notes, which were effectively new to him at that time. Mr. Schwartz's answers in 2016 show only what he thought *as of 2016* and therefore do not have "any tendency to make a fact" from 2014 "more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). Mr. Schwartz's answers to DLA's hypothetical questions and questions seeking legal conclusions simply cannot assist the jury in determining Mr. Schwartz's state of mind in 2014 when the calls occurred and the notes were created.

The government's follow-on argument that Mr. Schwartz's lack of memory in 2016 somehow demonstrates consciousness of guilt fares no better. The government, as in its prior briefing, asserts that Mr. Schwartz's claim that he had "no memory of the relevant call" when

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Michael E. Farbiarz                                                    2

shown his note contradicted his earlier statement that he "would have remembered" a demand "north of $1 million" and, as such, "suggest[s] he was willfully blind to the $2 million demand in his own notes."  ECF No. 925 at 1; *see* also ECF No. 509 at 82.  But, as Mr. Schwartz has already pointed out, this tired refrain reveals only that the government continues to play "a game of 'gotcha.'"  ECF No. 522 at 25 n.16.  Mr. Schwartz's statement in 2016 that he "*would have remembered*" a bribe demand of over $1 million does not establish *whether he actually did remember* an alleged bribe demand from 2014.  That he "would have remembered" is instead pure conjecture based on a hypothetical question asked by DLA.

Having focused its letter brief on select portions of the interview memoranda, the government tellingly crams—with no analysis—nine of the most problematic sets of questions and answers from the DLA interview memoranda into a footnote.  ECF No. 925 at 2 n.2.  But this footnote treatment only emphasizes that each and every one of these questions is premised on the alleged calls and note that Mr. Schwartz repeatedly stated he did not remember and the majority of the questions inappropriately ask Mr. Schwartz for off-the-cuff legal conclusions.  For the reasons stated in Mr. Schwartz's briefing, *see* ECF Nos. 500-1 at 31–39, 522 at 21–31, 923, these questions and their corresponding answers should be precluded because any probative value would be substantially outweighed by the danger of unfair prejudice and jury confusion.  ECF No. 522 at 28–31.

As a final refuge, the government acknowledges the hypothetical nature of DLA's questions, but argues that Mr. Schwartz "was perfectly capable of not volunteering information or rejecting the premise of a hypothetical."  ECF No. 925 at 2.  This argument is completely backward.  The onus was not on Mr. Schwartz to cure the problematic nature of questions posed to him by DLA in an interview at which he was compelled to sit on penalty of his employment, and it makes no sense to suggest otherwise.

Mr. Schwartz respectfully requests that the Court preclude those questions and answers it deems inadmissible and allow counsel to object at trial to those for which the Court requires additional information.

Respectfully submitted,

*/s/ Justin D. Lerer*
Justin D. Lerer

cc:      All Counsel of Record (via ECF)