PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

BEIJING          SAN FRANCISCO
BRUSSELS         TOKYO
HONG KONG        TORONTO
LONDON           WASHINGTON, DC
LOS ANGELES      WILMINGTON

DIRECT DIAL: +1 212 373 3311
EMAIL: RFINZI@PAULWEISS.COM

March 3, 2025

**Via ECF**

The Honorable Michael E. Farbiarz
U.S. District Judge, District of New Jersey

*United States* v. *Coburn & Schwartz*, Criminal No. 19-cr-120 (MEF)

Dear Judge Farbiarz:

Mr. Schwartz respectfully submits this letter, joined by Mr. Coburn, in further support of the positions expressed in the defense's March 2, 2025 letter to the Court, ECF No. 924, regarding the anticipated testimony of a witness from Debevoise & Plimpton LLP, and in response to the government's letter of the same date, ECF No. 926.

Our March 2 letter raised three points: first, that the government was, in the guise of a "new" argument, in effect seeking reconsideration of a prior ruling by the Court as to the admissibility of the Debevoise witness' testimony generally; second, that the Court's ruling on the admissibility of the Debevoise witness' testimony was in any event correct; and third, that the Debevoise witness should be permitted to testify to the fact that no L&T employees reported having any knowledge of a bribe demand or payment. The government's response, ECF No. 926, does not meaningfully address any of these points.

**I.      THE GOVERNMENT DOES NOT ADDRESS THE COURT'S PRIOR RULING**

The government's response does not meaningfully acknowledge the fact that the Court has already denied it the relief that it seeks. Although not addressed in the government's letter, the Court thoroughly evaluated and rejected the government's efforts to exclude the Debevoise testimony under Rules 401 or 403, or pursuant to concerns about privilege that Debevoise might assert. ECF No. 740, July 2, 2024 Hr'g Tr. at 46:22–47:14 (addressing Rule 401 and 403 objections), 48:3–12 (addressing privilege). Instead, the government's letter reprises additional points that it made—and that the Court rejected—last summer.

For example, the government states that the lack of evidence identified by Debevoise as to the payment of the alleged bribe "does not mean there was no bribe," but rather "that L&T covered its tracks." ECF No. 926 at 1. The government is, of course, free to make that argument. But as the Court noted during the July 2, 2024 conference, that is no reason to bar the testimony itself. ECF No. 740, July 2, 2024 Hr'g Tr. at 45:17–21 ("The United States may have a very strong response, which is that L&T covered its tracks or that there are other places to look, but those are arguments to make to a jury, not to use as a basis for cutting off certain information from reaching a jury."); *see also id.* at 16:23–17:7.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Michael E. Farbiarz 2

Similarly, the government refers to the risk of a "time-consuming mini-trial regarding the scope, methodology, limitations, and motivations" of Debevoise's internal review, and the fact that the testimony may implicate the attorney-client privilege. ECF No. 926 at 2. That, too, was addressed at the July 2, 2024 conference. ECF No. 740, July 2, 2024 Hr'g Tr. at 22:12–15 ("I don't see why this is such a big concern. I understand in your papers you used the word 'minitrial,' but I don't even hear the minitrial so far, if we're talking about documents.").

As to privilege, the defense has made it clear that the testimony it intends to elicit from the Debevoise witness is based on what was relayed by Debevoise to the government and is therefore, by definition, not privileged. And while the government's cross may raise privilege issues of its own, there is no reason to believe that those concerns cannot be addressed through careful questioning developed, as needed, with the aid of the procedure Your Honor has established to address privilege concerns. Setting aside that the testimony the defense would otherwise elicit on direct might itself be broader absent privilege concerns (and that the limitations imposed by the privilege accordingly fall on both parties), the government has not articulated any reason why they cannot conduct a proper cross-examination.

As to Rules 401 and 403, the underlying analysis is not complicated. Debevoise was retained by L&T to conduct an internal review. That internal review, including forensic work performed by accountants, did not find evidence that a bribe was paid. The evidence is unquestionably relevant under Rule 401 because it makes it less probable that a bribe was sought or paid. *See* Fed. R. Evid. 401. The analysis under Rule 403 is likewise straightforward. To the extent that the government is worried about jury confusion somehow regarding the United States being on trial, that can be dealt with by a limiting instruction (if at all).[1] ECF No. 740, July 2, 2024 Hr'g Tr. at 26:22–27:4 ("I don't think it cuts your way because the Rule 403 analysis is in part about the risk of jury confusion, and one of the core aspects of jury confusion is whether the United States is on trial, which it's not. So there's actually a lessened risk of the United States being on trial, 403 problem, if it's Debevoise offering that testimony versus our hypothesized FBI agent."). As a result, and as the Court already determined at the July 2, 2024 conference, the defense should be permitted to elicit this evidence. *See, e.g.*, *id.* at 14:20–15:1 ("[T]he key analogy here, I think we all understand, is that if the United States' theory in a narcotics prosecution was the narcotics moved through a particular stash house and then on to somewhere else, we would all understand that the defendant would be allowed to elicit evidence that there was a search conducted and there were no narcotics there."), 25:11–26:8.

## II. TESTIMONY REGARDING INFORMATION NOT PROVIDED BY L&T EMPLOYEES IS ADMISSIBLE

The remaining issue for the Court to decide is whether the Debevoise witness should be permitted to testify that none of the witnesses interviewed by Debevoise reported knowledge of a bribe payment.

---

[1] Although the defense can understand a potential limiting instruction to avoid jury confusion as to whether the United States is on trial, there is no limiting instruction necessary for the government's cross-examination because, as discussed above, the government is not unfairly prejudiced. *See* ECF No. 926 at 3.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Michael E. Farbiarz                                                                                        3

     The government, in its letter filed yesterday, raises two arguments on this point. First, the government further expands its hearsay objection by arguing that *all* of the evidence a Debevoise witness could offer is hearsay because it represents information learned by "the testifying lawyer" from "other lawyers."  ECF No. 926 at 2 (citing statement of Debevoise lawyer David O'Neil).[2]  But the testifying lawyer at trial is expected to be Colby Smith, not David O'Neil, and Mr. Smith will testify that he personally directed the Debevoise internal review, including by coordinating document collection and review, attending every witness interview, and communicating with the government.  Defendants have no intention of asking Mr. Smith about either specific statements made in interviews he did not attend or documents he did not review.  Just as an agent conducting an investigation can testify to investigative steps taken (or not taken) in an investigation, Mr. Smith should be allowed to provide the same testimony here.  *See* ECF No. 740, July 2, 2024 Hr'g Tr. at 15:2–15.  The sole case cited by the government to the contrary concerns expert testimony, *see* ECF No. 926 at 2, but, of course, a Debevoise lawyer, like an agent, is not an expert for purposes of the rule, ECF No. 740, July 2, 2024 Hr'g Tr. at 15:10–15 ("It's not that Debevoise is any more an expert than my hypothesized FBI agent is an expert.  They're metaphorical experts at the FBI, but they don't count as experts when they're just providing testimony that's predicated on professional expertise.  It's not expert within the meaning of the rules.").

     Second, the government falls back on the "untrustworthiness" of statements by L&T employees.  ECF No. 926 at 3.  But as noted in our prior briefing, the testimony being offered does not involve "statements" at all, and the government is in any event free to elicit testimony about—and make arguments based on—the credibility of L&T's employees.

                    Respectfully submitted,

                    */s/ Roberto Finzi*
                    Roberto Finzi

cc:  All Counsel of Record (via ECF)

---

[2] The government also objects that the information conveyed by Debevoise to the Department of Justice is hearsay.  *See id.* at 2 n.2.  But the defense does not intend to focus on whether or not information was communicated to the government.  The defense merely noted this point to rebut claims that the testimony it seeks to elicit—all of which was previously shared with the government—is privileged.  Any remaining questions as to hearsay can be addressed through objections at trial.