

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street*  *973-645-2700*
*Newark, New Jersey 07102*

March 10, 2025

VIA CM/ECF (redacted)

Honorable Michael E. Farbiarz
United States District Judge
U.S. Post Office & Federal Courthouse
Newark, New Jersey 07102

      Re:    United States v. Gordon Coburn and Steven Schwartz
                 Crim. No. 19-120 (MEF)

Dear Judge Farbiarz:

      The Government respectfully submits this letter in response to the Court's March 7, 2025 Order, *see* ECF No. 984, directing the Government to explain the basis for sealing discovery materials (the "Discovery Materials") that the Court directed the Government to provide to the Court in light of Defendants' eve-of-trial request for an adjournment based on the production of those materials (which the Court ultimately denied), *see* ECF No. 889.[1]

      The Government submits that the entirety of the Discovery Materials, should remain sealed consistent with the Protective Order entered in this case (ECF No. 22). The Protective Order was stipulated to by the parties and expressly contemplates that any pretrial discovery, like the Discovery Materials, would (1) be "restricted to personnel authorized by the Court, namely the defendants and their counsel of record," as well as others enumerated, and (2) not be used "for any other purpose other than preparing to defend . . . against the charges." ECF No. 22 at 3-4. This Protective Order is in line with the longstanding practice, supported by case law, that pretrial discovery is privately exchanged between the parties and is not ordinarily made available to the public.[2] Accordingly, the sealing of the Discovery Materials will not impact the public's right of access to judicial proceedings.

---

[1]     The Discovery Materials have been filed on the docket at ECF No. 980.

[2]     Pre-trial discovery, "unlike the trial itself, is usually conducted in private," *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) *citing Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984); *see also Bond v. Utreras*, 585 F.3d 1061, 1074 (7th Cir. 2009) ("[a]t common law, pretrial proceedings were closed to the public, and the federal discovery rules have not changed his common law tradition."); *United States*

The Court has also asked whether a portion of the Discovery Materials should remain private even where that pretrial discovery ███████████████████████████████████ and therefore are "seemingly public court filings." See ECF No. 984. The answer is yes—the longstanding practice of not disseminating pretrial discovery to the public is not dependent on whether some of that information may be otherwise publicly available, and therefore, those documents should be sealed from public disclosure under the terms of the Protective Order. █████████



For these reasons, the Government respectfully requests that the entirety of the Discovery Materials remain sealed.

---

v. *Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) ("Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation."). Because discovery is a private process between parties, courts generally view the documents or materials shared between them as not presumptively accessible. *See United States v. Smith*, 985 F.Supp.2d 506, 519 (S.D.N.Y. 2013) (citing cases). Indeed, the Supreme Court has held that "restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." *Seattle Times Co.*, 467 U.S. at 33; *see also United States v. Caparros*, 800 F.2d 23, 25 (2d Cir. 1986) (finding that a defendant's claim that a protective order in criminal case was an impermissible prior restraint "is inconsistent with precedent").

The private treatment given to discovery materials serves the interests of justice. If discovery information were publicly available, there is a risk that disclosure of those materials could taint a trial. *See United States v. McVeigh*, 119 F.3d 806, 813 (10th Cir. 1997) (holding that disclosure of unadmitted discovery materials could taint potential jurors); *United States v. White*, No. 04-CR-370, 2004 WL 2399731, *5 (E.D. Pa. Sep. 22, 2004) (noting that if prosecutors and defense counsel had a practice of disclosing discovery materials to the media, this could be disruptive to a fair trial for all parties).

3 ████████████████████████████████████████████

██████████████████████ and consistent with the Court's prior ruling regarding sealing (ECF No. 907), the Government respectfully requests that the redacted portions of this letter be filed under seal and on a restricted basis pursuant to the January 24, 2025 Sealed Protective Order, as amended.

Respectfully submitted,

LORINDA I. LARYEA  
Acting Chief

JOHN GIORDANO  
United States Attorney

/s/ Keith D. Edelman  
/s/ Connor Mullin  
/s/ Paul G. Ream

/s/ Rachelle M. Navarro

KEITH D. EDELMAN  
CONNOR MULLIN  
PAUL G. REAM  
Fraud Section, Criminal Division  
U.S. Department of Justice

RACHELLE M. NAVARRO  
Assistant United States Attorney  
District of New Jersey

3