**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>GORDON J. COBURN and STEVEN SCHWARTZ,<br><br>          *Defendants*. | No. 19-cr-00120 (MEF)<br><br>**ORDER** |

The United States moved for an adjournment of the trial in this matter.  See ECF 956.

The motion is granted in part and denied in part.

\* \* \*

On March 4, the United States requested a 180-day adjournment of the trial in this case, which had been scheduled to start the next day.  See id.[1]

The basis for the request was "to allow sufficient time" for the United States Attorney, who had been sworn in the day before, to "consider[] . . . the application of the President's February 10, 2025 Executive Order," which directed the Attorney General to conduct a review of certain matters related to the Foreign Corrupt Practices Act.  See id.

\* \* \*

"[T]he Speedy Trial Act comprehensively regulates the time within which a [federal criminal] trial must begin[.]"  Zedner v. United States, 547 U.S. 489, 500 (2006).

Under that Act, trials must go forward within 70 days, see 18 U.S.C. § 3161(c)(1), unless the 70-day "clock" is stopped for

---

[1] Some of the relevant background was set out in the Court's earlier Order ("Order"); the background is reprinted here for ease of reference.  The Order is at United States v. Coburn & Schwartz, 2025 WL 729969 (D.N.J. Mar. 6, 2025).

one of the reasons specified in the Act. See 18 U.S.C. § 3161(h). If time runs out, the remedy is dismissal. See Bloate v. United States, 559 U.S. 196, 198-99 (2010) (so holding and citing 18 U.S.C. § 3162(a)(2)); accord, e.g., United States v. Taylor, 487 U.S. 326, 333 (1988).

\* \* \*

Against this backdrop, after receiving the March 4 letter, the Court directed the United States to "convey its position as to whether the Speedy Trial clock would or would not run during the 180-day adjournment it seeks." ECF 961.

On March 5, the United States stated its view that the clock would not run. See ECF 970. The Defendants indicated they agreed. See ECF 971.

On March 6, the Court entered an Order. The Order provided that briefing would be required from the parties as to the Speedy Trial Act issues here. See Order at 6.

The briefing was fully submitted on March 10.

\* \* \*

In their papers, the parties have collectively suggested three reasons why the Speedy Trial clock might be lawfully stopped now and/or through the pendency of an adjournment.

\* \* \*

First, the Defendants have stated that the clock is already stopped, until March 17. See ECF 964; see also ECF 967.

The Court agrees. See Order at 2; see also 18 U.S.C. § 3161(h)(4).

\* \* \*

Second, the Defendants have stated that the clock is stopped while motions are pending. See ECF 967.

A motion generally stops the Speedy Trial clock until the motion is resolved. See 18 U.S.C. § 3161(h)(1)(D); United States v. Tinklenberg, 563 U.S. 647 (2011).

But here, this is immaterial. There is one open motion, a March 2 motion pending before United States Magistrate Judge Hammer. See ECF 962. This is on a narrow question of attorney-client

privilege.  As previously noted, this motion will be resolved in short order.  See Order at 2-3.

* * *

Third, the United States has stated that an "ends of justice" exclusion would stop the Speedy Trial clock, see ECF 970, and the Defendants have said they would "consent to any tolling . . . to allow time for the review contemplated . . . by the United States."  ECF 964.

As noted, see Order at 3, the parties' positions carry a good deal of weight, but they do not determine the result here.

The Supreme Court has held that the Speedy Trial Act protects the public's right to prompt criminal trials, even when the prosecution and the defense might each prefer delay.  See Bloate, 559 U.S. at 211-12 (so holding); Zedner, 547 U.S. at 502 (so holding); cf. Barker v. Wingo, 407 U.S. 514, 519 (1972).

The Speedy Trial Act guarantees the public's right, in part, by allowing time to be "excluded" from the 70-day clock based on, as here, an adjournment request from the United States --- but only if there has been a judicial "finding[] that the ends of justice served" by the adjournment "outweigh the best interest of the public . . . in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).

The Court makes such a finding here.

The United States Attorney is vested with prosecutorial discretion.  See Trump v. United States, 603 U.S. 593, 620 (2024); United States v. Armstrong, 517 U.S. 456, 464 (1996).  This includes assessing individual cases.  See, e.g., United States v. Texas, 599 U.S. 670, 678 (2023); TransUnion LLC v. Ramirez, 594 U.S. 413, 429 (2021); Wayte v. United States, 470 U.S. 598, 607 (1985).  And it includes assessing them in light of overall enforcement priorities.  See Texas, 599 U.S. at 678; TransUnion, 594 U.S. at 429; Armstrong, 517 U.S. at 464; Wayte, 470 U.S. at 607.

The Executive Order touches on these concerns,[2] and the new United States Attorney has stated that he needs time to evaluate this case in light of the Order.  See ECF 956, 996.  Considering

---

[2] See Exec. Order No. 14209 § 2(ii), 90 Fed. Reg. 9587 (Feb. 10, 2025) (requiring "review in detail" of particular cases); id. at § 1 (discussing use of "limited prosecutorial resources").

3

how to exercise prosecutorial discretion can lawfully stop the Speedy Trial clock, under an "ends of justice" exclusion.  Cf. United States v. Abad, 514 F.3d 271, 273-74 (2d Cir. 2008) (holding that consultation between a United States Attorney and Washington-based Department of Justice officials is a "valid" reason for delay under the Speedy Trial Clause of the Constitution).

\*   \*   \*

Turn now to how much time can be lawfully excluded under the Speedy Trial Act.

On February 10, the President ordered a review of all Foreign Corrupt Practices Act enforcement actions, of which this case is one.  Per the President's order: "the Attorney General shall . . . review in detail all existing FCPA enforcement actions and take appropriate action with respect to such matters[.]"  Exec. Order No. 14209 § 2(ii), 90 Fed. Reg. 9587 (Feb. 10, 2025).

On February 18, the United States wrote to the Court: "the Government is adhering to the Executive Order and is conducting a review of all FCPA . . . enforcement actions; this case is currently undergoing that review," on a "prioritized" basis.  ECF 824.

On February 21, the United States stated that it was "urgently working to complete its review," and "expects a final determination in short order."  ECF 832.

And later on February 21, the United States stated that "[f]ollowing its review of this case pursuant to the Executive Order, the Government can report that the Government intends to proceed to trial on March 3, 2025."  ECF 834.

\*   \*   \*

As noted above, the Executive Order directed the Attorney General to conduct a "review in detail" of "existing FCPA . . . enforcement actions."  Exec. Order No. 14209 § 2(ii), 90 Fed. Reg. 9587 (Feb. 10, 2025).

The above letters state that the Attorney General completed that review, see ECF 832, 834, and the Court proceeds on the basis that she did so "properly."  As the Supreme Court has held: "The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official

4

duties." United States v. Chem. Found., 272 U.S. 1, 14–15 (1926); see also Hartman v. Moore, 547 U.S. 250, 263 (2006) (applying "the longstanding presumption of regularity" to "prosecutorial decisionmaking"); Nieves v. Bartlett, 587 U.S. 391, 400 (2019) (similar).

Indeed, the record affirmatively suggests that the Attorney General's review was methodical.  Some cases were "prioritized" for review, including this one.  See ECF 824.  Progress reports were provided to the Court.  See ECF 824, 832.  The work was undertaken with "urgen[cy]."  See ECF 832.  And a "final determination" was reported.  See ECF 832; see also 834 ("[f]ollowing its review of this case pursuant to the Executive Order, . . . the Government intends to proceed to trial").

All of this provides the Court with a concrete, case-specific baseline for how long a review here takes to "complete."  ECF 832.  In particular, the Attorney General's review of this case under the Executive Order took approximately 10 or 11 days.[3]

\*   \*   \*

There are reasons to conclude that a review by the United States Attorney can likely be completed in less than 10 or 11 days.

The United States Attorney has said that he seeks to conduct a "supplemental analysis."  ECF 996.  Such a follow-on review builds on the work the Attorney General has already devoted to her review.  The United States Attorney would not need to start from the beginning.

In addition, the United States' March 4 adjournment request was sought the day before jury selection was to begin.

At that point, the Court had received from the United States hundreds of marked trial exhibits.  The questions to be asked of prospective jurors during voir dire had been finalized.  See ECF 896, 897.  And the Court had issued rulings on the last of the open trial-related motions that were before it.  See ECF 905, 913, 951, 952, 955.[4]

---

[3]  The President issued the Executive Order on February 10, and the United States reported to the Court on February 21.

[4]  As noted, there remains an open March 2 motion, on a narrow issue.

5

In short, this case was and is trial ready. A review of such a case can proceed in an especially efficient fashion.

And all the more so here. The United States is represented in this case by a large team, of four courtroom prosecutors. See ECF 896 at 2. In addition, although this case is complex, its factual core is compact. The case mainly revolves around what happened over the course of a small number of meetings, during which the Defendants were alleged to have authorized an illegal payment.

In sum: this case is teed-up for review by the United States Attorney.

\*   \*   \*

As noted, the United States Attorney has sought a 180-day adjournment, see ECF 996, and a 180-day exclusion of time under the Speedy Trial Act. See ECF 970.

There are two stated bases for this.

The first is the need to become "fully versed" in the case, so as to conduct a "fulsome" and "thorough" review. See ECF 996. A close review by a senior leader serves the "ends of justice," 18 U.S.C. § 3161(h)(7)(A), and therefore supports an exclusion of time under the Speedy Trial Act. But as set out above, the Court's conclusion is that a 180-day exclusion under the Act is not warranted.

Second, the United States Attorney has stated that a 180-day exclusion of time is appropriate because it will allow for complete review of "other FCPA enforcement actions" around the Nation and a direct comparison of those cases to this one, after they all have been reviewed.[5]

---

[5]  See ECF 996 at 2 ("[T]he Executive Order requires the Department of Justice to review all pending enforcement actions within 180 days of that Order. Under those terms, that review would be complete on or about August 9, 2025. My request for 180 days would run through August 31, 2025, which would provide for approximately three weeks to ensure that the Executive Order is applied to this case consistently with its application to other matters nationwide."); see id. ("[P]roper application of the Executive Order requires consistency and close coordination with other Department personnel, which cannot be perfected until August 2025 when the Executive Order's review period elapses.").

Consistent, even-handed treatment of prosecutions is a critical "ends of justice" value. See Martin v. Franklin Cap. Corp., 546 U.S. 132, 139 (2005) ("[T]he basic principle of justice [is] that like cases should be decided alike."); cf. Tafflin v. Levitt, 493 U.S. 455, 465 (1990) (recognizing "the need for . . . consistency of federal criminal law"). And the Court will exclude time to allow for closer consideration of how this case compares with others.

But the United States Attorney's approach is based on the premise that appropriate levels of consistency cannot be achieved until all FCPA cases have been reviewed and then compared to each other. See footnote 5.

This is hard to square with the Attorney General's approach. She came to a "final determination" in this case, ECF 832, even as there are many other FCPA criminal cases pending in federal courts around the country. See Foreign Corrupt Practices Act Clearinghouse, Stanford L. Sch., https://fcpa.stanford.edu/enforcement-actions.html (filter for "DOJ Criminal" and "Ongoing") (publicly available, last visited Mar. 11, 2025).

Moreover, the Attorney General is now conducting "prioritized" Executive Order reviews of other FCPA cases. This was described to a federal court in Florida on March 4. See Transcript of Status Conference at 8:22-24, United States v. Zaglin, No. 23-cr-20454 (S.D. Fla. Feb. 18, 2025). And it was described to a federal court in Pennsylvania on March 6. See Transcript of Status Conference at 3:25 to 4:2, United States v. Hobson, No. 22-cr-86 (W.D. Pa. Mar. 6, 2025); see also Government's Response to Defendant's Motion to Continue at 1, United States v. Hobson, No. 22-cr-86 (W.D. Pa. Mar. 6, 2025) (ECF 99).[6]

It is apparent that the Attorney General is actively reviewing certain cases and coming to conclusions about them, before completing her broader Executive Order review of all of the Nation's FCPA cases. Given the Attorney General's approach, taken in New Jersey and also in other Districts, the Court is not persuaded that there is sufficient need for all other national FCPA case-reviews to be completed before the United States Attorney's "supplemental" review can be brought to

---

[6] The Zaglin transcript is at ECF 1002 on the docket of this case. The Hobson transcript is at ECF 1001 on the docket of this case.

7

conclusion here.[7]

\*   \*   \*

Pursuant to the President's Executive Order, directed to the Attorney General, the United States reviewed this case and made a "final determination" that it should go forward. That took 10 or 11 days. The new United States Attorney has sought 180-day exclusion of time under the Speedy Trial Act to conduct a "supplemental analysis." ECF 996.

An exclusion of that length is not warranted under the Act, because the supplemental analysis can be undertaken in about the same amount of time the Attorney General's review took.

But the United States Attorney has stated that he seeks to conduct a "fulsome" and "thorough" review, and to a look at "how this case compares to other FCPA enforcement actions under review." Id. These likely will take an added measure of time.

In light of the above, the Court finds, pursuant to 18 U.S.C. § 3161(h)(7)(A), that time can lawfully be excluded under the Speedy Trial Act for 30 days to conduct a further review under the Executive Order.[8]

---

[7] In other cases in which the Attorney General is conducting a "prioritized" review, the United States has not sought a long adjournment. In the Pennsylvania case, the United States sought to adjourn an April trial by two weeks, see Transcript of Status Conference at 4:11-14, United States v. Hobson, No. 22-cr-86 (W.D. Pa. Mar. 6, 2025), and argued against the idea that the Executive Order "weighs in favor of just kicking the entire thing out by six months." Id. at 9:4-6. In the Florida case, the United States did not seek to adjourn an April trial date, but agreed that a short adjournment would be appropriate: "We are not moving for a continuance. We understand defense counsel will. We would not oppose a brief continuance, but we would oppose a longer continuance." Transcript of Status Conference at 4:19-21, United States v. Zaglin, No. 23-cr-20454 (S.D. Fla. Feb. 18, 2025).

[8] The Speedy Trial Act exclusion of time runs from today, though it bears noting that since March 4, when the United States Attorney first made his request, see ECF 956, this case has remained active. The United States, for example, has filed a pre-trial motion in limine, see ECF 977, and has had a number of communications related to a particular witness. See, e.g., ECF 968, 992. This is the witness the United States has stated is

Delay beyond that does not strike the balance required by the Speedy Trial Act. The Supreme Court has noted that swift trials under the Speedy Trial Act aim to ensure deterrence. See Zedner, 547 U.S. at 501. But this case is already old --- it was charged in 2019. And the Supreme Court has also indicated that long delays can impact the integrity of the truth-seeking process; memories, for example, can fade. See, e.g., Betterman v. Montana, 578 U.S. 437, 444-45 (2016); see also Doggett v. United States, 505 U.S. 647, 654 (1992); Smith v. Hooey, 393 U.S. 374, 380 (1969). And the allegations here date to 2014.

The Court finds that thirty days to supplement the Attorney General's review advances "the ends of justice," 18 U.S.C. § 3161(h)(7)(A), but more time does not.

\* \* \*

As noted, the Supreme Court has stated that "the Speedy Trial Act comprehensively regulates the time within which a [federal criminal] trial must begin[.]" Zedner, 547 U.S. at 500.

Against the backdrop of the Speedy Trial Act analysis set out above, the Court will exercise its discretion, see Ungar v. Sarafite, 376 U.S. 575, 589 (1964), United States v. Kikumura, 947 F.2d 72, 78 (3d Cir. 1991), to grant in part and deny in part the motion for an adjournment made by the United States.

Trial had been set for March 4. See ECF 920. It was moved to March 17 to accommodate a medical issue. See ECF 961; see also ECF 938.

Trial shall begin with jury selection on one of the following days: March 17, March 24, March 31, or April 7.

The parties shall file a succinct joint letter at or before noon on March 12 indicating the date on which they prefer to proceed to trial.

IT IS on this 11th day of March, 2025, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

---

"essential" to its case. See ECF 547, 551, 561, 916 (Exhibit A at 16). The United States has suggested that its ability to secure the witness' trial attendance is not meaningfully impacted by the trial date selected, provided there is enough lead time. See ECF 992.